_____

No. 96-2308
_____

United States of America,     *
     *
    Appellee,     *
     * Appeal from the United States
   v.     * District Court for the Eastern
     * District of Missouri.
James Turner,     *
     *     [PUBLISHED]
    Appellant.     *

_____

Submitted: August 28, 1996

Filed: August 30, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

James Turner challenges the 135-month sentence imposed by the District Court[1] following his guilty plea to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846 (1994). Turner contends the District Court erred in calculating his base offense level, because authorities engaged in sentencing manipulation by lengthening their investigation and arranging more drug buys merely to increase his sentence.

We reject Turner's sentencing-manipulation argument. The three drug purchases at issue here involved increasingly larger amounts, and resulted in the accumulation of evidence sufficient to

---

The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

arrest Turner's co-conspirator.  Cf. United States v. Shephard, 4 F.3d 647, 649 (8th Cir. 1993) (approving chain of transactions between undercover agent and drug dealer to ascertain what drug quantity defendant was willing and able to deal), cert. denied, 510 U.S. 1203 (1994); United States v. Barth, 990 F.2d 422, 425 (8th Cir. 1993) (repeated buys may be necessary to gain drug dealer's confidence); United States v. Calva, 979 F.2d 119, 123 (8th Cir. 1992) (police must be given leeway to probe depth and extent of criminal enterprise, determine whether co-conspirators exist, and trace drug deeper into distribution hierarchy).  We thus conclude the District Court did not err in calculating Turner's base offense level.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.